UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KERWIN MONROE WARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:11-CV-262 WL |
| | ) | |
| ALLEN COUNTY SUPERIOR COURT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION & ORDER

Kerwin Monroe Ward, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

Ward's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every

> level in the state court system, including levels at which review is discretionary
> rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted).

Here, a review of the petition reveals that Ward's claims are unexhausted. In 2009, Ward was convicted of battery and other offenses and was sentenced to an aggregate term of four years in prison. (DE 1 at 1.) He appealed, arguing that the trial court abused its discretion and imposed a sentence that was unduly long in violation of Indiana law. *Ward v. State*, No. 02A03-0912-CR-581, 2010 WL 2471040, *1-3 (Ind. Ct. App. Jun. 18, 2010). The Indiana Court of Appeals affirmed on June 18, 2010. *Id.* at *3-4. The Indiana Supreme Court denied Ward's petition to transfer on August 4, 2010. *Ward v. State*, 940 N.E.2d 821 (Ind. Aug. 4, 2010) (Table). Ward has not yet pursued any form of state post-conviction relief. (DE 1 at 1-2.)

On July 29, 2011, Ward filed this federal petition alleging claims of ineffective assistance of counsel and claims that certain state witnesses committed perjury at trial. (DE 1 at 3-4.) Ward has not exhausted these claims in state court. Until he has exhausted his claims in one complete round of state review, he cannot obtain federal habeas relief. Accordingly, the petition is subject to dismissal.

The Seventh Circuit has held that a district court should consider staying rather than dismissing a petition containing unexhausted claims when the one-year statute of limitations has run or is close to running, such that "dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). That situation is not presented here, since there are approximately three months remaining on the one-year statute of

limitations.[1] A properly filed state post-conviction petition will toll the limitations period under 28 U.S.C. § 2244(d)(2), and if Ward acts diligently he should have no difficulty returning to federal court within the one-year deadline after he pursues state post-conviction relief.

For the reasons set forth above, the petition (DE 1) is DISMISSED WITHOUT PREJUDICE pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

SO ORDERED.

ENTERED: August 10, 2011

                                         s/William C. Lee
                                         William C. Lee, Judge
                                         United States District Court

---

[1] Ward's claims do not appear to be based on newly discovered evidence or a newly recognized constitutional right. Under 28 U.S.C. § 2244(d)(1)(A), Ward's conviction became final after the time for seeking review in the United States Supreme Court expired, which was 90 days after the Indiana Supreme Court denied his petition to transfer. *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005). He would have one year from that date—excluding time that can be properly tolled—to seek federal habeas relief. *Id.*